FILED
2012 Nov-28  AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA MAE DAVIS and TOMORA LEA DAVIS, | ) ) ) | |
| Plaintiffs; | ) ) ) | |
| vs. | ) ) ) | 2:10-cv-2926-LSC |
| EDWARDS OIL COMPANY OF LAWRENCEBURG, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.      Introduction

Before the Court is Defendant's motion for partial summary judgement, filed

on October 3, 2012. (Doc. 40.) Defendant seeks partial summary judgment in its favor

on Plaintiffs' claims for (1) wantonness, (2) negligent and wanton entrustment, and

(3) negligent hiring, training, and supervision. In their response, Plaintiffs concede to

the dismissal of the negligent hiring and training claims, but contest the motion for

summary judgment as to their claims for wantonness, negligent and wanton

entrustment, and negligent supervision. (Doc. 46 at 1.) Defendant's motion is fully

briefed and ripe for decision. For the reasons described below, Defendant's motion

for partial summary judgment is due to be GRANTED in part and DENIED in part.

## II.   Facts

Around one o'clock in the morning on September 20, 2010, a tractor-trailer tanker owned by Defendant Edwards Oil Company of Lawrenceburg, Inc. ("Edwards Oil") and driven by its employee, David Grissom ("Grissom"), rear ended a vehicle occupied by Plaintiffs Georgia and Tomora Davis. Prior to the accident, both vehicles were traveling south on a three-lane segment of Interstate 65 in Birmingham, Alabama. Grissom failed to immediately observe Plaintiffs' vehicle as he was changing from the middle to the right hand lane in order to exit. When Grissom finally saw Plaintiffs' vehicle, it was too late to stop. The resulting collision caused Plaintiffs' car to careen out of control and strike a concrete barrier, injuring both Plaintiffs.

There were no eye-witnesses to the accident. However, Stacie Rowell ("Rowell"), another driver on the road that evening, testified that she observed a silver tractor-trailer tanker with a white cab "swerving all over the road" sometime prior to the collision. (Doc. 49-1 at 22.) Although Rowell could not recall any features of the erratically driven tanker other than its color, she stated she had only observed one tanker on the roadway that evening. (Doc. 49-1 at 42–43.)

Data downloaded from the engine of the tanker truck involved in the wreck

demonstrates that from September 13, 2010, through September 20, 2010, the tanker was driven 5,365.7 miles, which took 95 hours and 36 minutes. Additionally, the engine data indicates the truck was idling for 21 hours and 3 minutes. Grissom testified that, to his knowledge, he was the only driver that operated the Edwards's Oil tanker. (*See* Grissom Depo, Doc 47-1 at pg. 43, ln. 17–20; pg. 70, ln. 17–22.) Edwards Oil, however, has produced evidence that Grissom was mistaken, and in fact another driver, Bill Poston, accounted for approximately half of that time. (*See* Poston Aff., Doc. 53-3.)

### III.   Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate

burden of proof. *Id*. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also* Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

## IV.   Analysis

Plaintiffs challenge Defendant's motion to the extent it seeks summary judgment on Plaintiffs' claims for wantonness, negligent and wanton entrustment, and negligent supervision. Each of these will be addressed in turn.

### A.   Wantonness

Wantonness is defined in the Alabama Code as "[c]onduct which is carried on with reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-

11-20(b)(3). The Alabama Supreme Court has stated that wantonness is the "conscious doing of some act . . . , while knowing of the existing conditions and being conscious that, from doing . . . an act, injury will likely or probably result." *Scott v. Villegas*, 723 So. 2d 642, 643 (Ala. 1998) (citations omitted). "Wantonness requires more than a mere showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability." *Id.* (citations omitted). "'The actor's knowledge may be proved by showing circumstances from which the fact of knowledge is a reasonable inference; it need not be proved by direct evidence.'" *Id.* (quoting *Hamme v. CSX Transp., Inc.*, 621 So.2d 281, 283 (Ala.1993)).

Plaintiffs have produced sufficient evidence for a jury to return a verdict in their favor on a claim for wantonness. Federal regulations limit the service hours a commercial driver is allowed to operate a commercial vehicle in a given period of time. *See* 49 C.F.R. § 395.3(b). Specifically, the regulations prohibit a commercial driver from operating a vehicle if the driver has been on duty 60 hours in the previous 7 days or 70 hours in the previous 8 days (depending on whether the carrier operates 6 or 7 days a week). *Id.* The data downloaded from the engine of the truck involved in the accident indicates that it was running for 116 hours in the previous 8 days, and was on the road for more than 95 hours. Edwards Oil disputes that Grissom was the driver

responsible for all the hours reflected in the downloaded engine data. Nevertheless, Plaintiffs have submitted enough evidence to create a jury question about whether Grissom exceeded the federally-mandated service limits.

If Grissom was the truck's only driver, he greatly exceeded the time limits established by the federal regulations. Additionally, Rowell testified that she only saw one tanker truck on the road that morning and it was driving erratically just prior to the wreck, swerving in and out of its lanes. Rowell's testimony, coupled with the evidence about the number of hours the truck was driven, could lead a jury to conclude Grissom was exhausted due to his excessive hours driving the tanker truck. A jury might well determine that Edwards Oil should have known that "injury [would] likely or probably result" if they deliberately chose to allow Grissom to drive in such a state. *Scott*, 723 So. 2d at 643. Accordingly, there is enough evidence to permit Plaintiffs to present their wantonness claim to the jury.

Defendant argues that wantonness cannot be founded on pure inattention or thoughtlessness, but rather requires a conscious disregard of the health or safety of others. Accordingly, Defendant argues "Edwards Oil's driver was not wanton because, at most, he was guilty of failing to keep a proper lookout." (Doc. 40-2 at 11.) Defendant may be correct that simple inattention to the roadway is not enough to

support a claim for wantonness. However, the evidence offered by Plaintiffs could establish more than simple failure to pay attention. The jury may determine that Grissom made a deliberate choice to put other drivers at risk by operating the Edwards Oil tanker in an exhausted state. Such a conscious disregard of others may amount to wantonness as defined by Alabama law. *See Osborne Truck Lines, Inc. v. Langston*, 454 So. 2d 1317, 1326 (Ala. 1984) (upholding wantonness verdict in part because "[t]he jury could also have found that [the driver] was fatigued because of the inordinate length of time he had driven the truck and with knowledge of that fact continued to drive").

### B.    Negligent and Wanton Entrustment

"The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages." *Dunaway v. King*, 510 So. 2d 543, 545 (Ala. 1987). When an employee driver's competency is at issue, the focus is on "the driver's demonstrated ability (or inability) to properly drive a vehicle." *Askew v. R & L Transfer, Inc.*, 676 F. Supp. 2d 1298, 1303 (M.D. Ala. 2009).

The typical negligent entrustment case is one where the employer hands over keys to a driver whose record reveals someone unfit to bear such responsibility. In

some instances the driver's blemished record is the result of problems before he or she was hired, such as a plethora of moving violations or evidence that the driver's license had been previously suspended. In other instances, habitual on the job negligence may put the employer on notice that the driver is incompetent and unfit to continue driving. Plaintiffs, however, do not allege either of these theories. Instead, Plaintiffs' theory is that Edwards Oil was negligent or wanton in entrusting the tanker to an exhausted driver who had exceeded the on-duty hours allowed by the federal regulations.

Plaintiffs should be permitted to present their negligent entrustment theory to the jury. Plaintiffs may be able to establish Grissom's incompetence by showing that he exceeded the on-duty hour limit imposed by federal regulations. Plaintiffs may additionally be able to prove that Edwards Oil was knowledgeable of Grissom's incompetency since Edwards Oil claims it monitors its drivers to ensure they are not exceeding federally-mandated service hours. (Doc. 40-2 at 7 ¶ 25.) Thus, if Grissom exceeded the on-duty limit, the company should have known about it. Accordingly, a jury accepting Plaintiffs' argument that Grissom exceeded the hourly limits could determine that Edwards Oil's conduct amounts to negligent entrustment under Alabama law.

Plaintiffs claim for wanton entrustment requires a slightly modified analysis because wantonness involves a more aggravated state of mind than that required for negligent entrustment. As noted above, wantonness is the "conscious doing of some act . . . , while knowing of the existing conditions and being conscious that, from doing . . . an act, injury will likely or probably result." *Scott*, 723 So. 2d at 643. "In order to establish wanton entrustment, [Plaintiffs] must show that [Edwards Oil] entrusted the [tanker] to [Grissom] while knowing that that entrustment would likely or probably result in injury to others." *Jordan ex rel. Jordan v. Calloway*, 7 So. 3d 310, 317 (Ala. 2008). As with the wantonness claim above, Plaintiffs have submitted sufficient evidence to allow a jury to determine that Edwards Oil should have known that entrusting the tanker to Grissom in an exhausted state "would likely or probably result in injury to others." *Jordan*, 7 So. 3d at 317.

The Court notes that Plaintiffs' negligent and wanton entrustment claims will be limited to their contention that Grissom exceeded the hourly driving limits and as a result was exhausted at the time of the accident. Defendants produced ample evidence bolstering Grissom's pre-hiring qualifications and his on-the-job record, but Plaintiffs did not respond to that evidence with respect to their entrustment claims. Pursuant to Eleventh Circuit case law, a plaintiff's failure to support a claim

constitutes abandonment of that claim. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("[F]ailure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned."); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) (claim that was included in complaint but not again raised until the plaintiff's supplemental reply brief is abandoned). Thus, Plaintiffs have forfeited the right to introduce evidence about Grissom's driving record with regard to their entrustment claims.

## C.    Negligent Supervision

There are "common elements" between Plaintiffs' claim for negligent and wanton entrustment and Plaintiffs' claim for negligent supervision. *Wright v. McKenzie*, 647 F. Supp. 2d 1293, 1297 (M.D. Ala. 2009). Namely, to prove both claims under Alabama law, Plaintiffs "must demonstrate that [Edwards Oil] knew, or in the exercise of ordinary care should have known, that its driver was incompetent." *Id.*; *see also, e.g.*, *Armstrong Bus. Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001) (negligent/wanton supervision); *Bruck v. Jim Walter Corp.*, 470 So. 2d 1141, 1144 (Ala. 1985) (negligent/wanton entrustment). As a result of this similarity, the analysis for Plaintiffs' negligent supervision claim parallels the analysis already

conducted above with respect to negligent entrustment.

Plaintiffs offer the same theory for their negligent supervision claim that they present in support of their negligent entrustment claim—i.e., that Edwards Oil negligently supervised its driver by allowing him on drive the tanker after exceeding federally promulgated limits on the amount of time a driver can be on-duty. For the same reasons stated above, the Court finds no reason why this claim is not appropriate for consideration by the jury. However, as with the negligent entrustment claim, Plaintiffs may only introduce evidence related to Grissom's on-duty hours because they have forfeited the right discuss Grissom's driving history.

The Court notes that while Plaintiffs are pursuing various claims, they will only be entitled to a single recovery. However, while it may be advisable for Plaintiffs to select a single theory and proceed accordingly, there is nothing that requires the Court eliminate one of Plaintiffs' theories as a matter of law.

## V.    Conclusion

For the forgoing reasons, Defendant's Motion for Summary Judgment (Doc. 40), is due to be GRANTED in part and DENIED in part. Pursuant to Plaintiffs' consent, the claims for negligent hiring and training are due to be dismissed with prejudice. Plaintiffs may proceed to trial on their claims for wantonness, negligent and

wanton entrustment, and negligent supervision, subject, however, to the limitations discussed in this Opinion. A separate order will be entered consistent with this Opinion.

Done this 28th day of November 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[170956]